## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>TYLER M. FINLAY,<br><br>    Debtor. | Case No. 19-20055-TLM |
| B.K.L.N., a minor child; JEANNE M. MARFICE; DOUGLAS S. MARFICE; and DOUGLAS S. MARFICE, as personal representative of the estate of Jeffrey Marfice,<br><br>    Plaintiffs,<br><br>v.<br><br>TYLER M. FINLAY,<br><br>    Defendant. | Adv. No. 19-07006-TLM |
| COUNTRY CLUB, LLC dba THE ROCKER ROOM,<br><br>    Intervening Third-Party. | |

MEMORANDUM OF DECISION - 1

# MEMORANDUM OF DECISION

In this adversary proceeding, B.K.L.N., a minor child; the estate of Jeffrey Marfice (deceased); and Douglas S. and Jeanne M. Marfice (collectively "Plaintiffs") contend that when defendant Tyler M. Finlay ("Finlay") struck Jeffrey Marfice ("Marfice"), he acted willfully and maliciously and, therefore, Plaintiffs' claims are nondischargeable under § 523(a)(6).[1]  The matter comes before the Court on Plaintiffs' motion for summary judgment, Adv. Doc. No. 13 ("Motion").  A hearing on the Motion was held on July 15, 2019, after which the matter was taken under advisement.

**BACKGROUND**

The background facts are taken from Plaintiffs' statement of undisputed facts, Adv. Doc. No. 13-4, and Finlay's responsive statement of disputed and undisputed facts, Adv. Doc. No. 17.  A substantial amount of additional material was provided to the Court for consideration, including victim impact statements and comments made by the state court judge at the time of Finlay's sentencing.  *See* Adv. Doc. No. 13-2.[2]  The Court need

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532 and Rule citations are to the Federal Rules of Bankruptcy Procedure.

[2] Attached to the motion is Adv. Doc. No. 13-2, a declaration of Theron J. De Smet, counsel for Plaintiffs.  This document is 360 pages in length of which 357 pages are exhibits.  The exhibits include copies of the criminal complaint charging Finlay with voluntary manslaughter, pp. 4–5; a superseding indictment accusing Finlay of voluntary manslaughter, pp. 6–8; the transcript of Finlay's change of plea hearing, pp. 11–47; the transcript of Finlay's sentencing hearing (the oral victim impact statements were contained within this transcript), pp. 48–232; and the transcript from the hearing on Finlay's Rule 35 motion, pp. 233–320.  On July 1, 2019, Finlay filed a "Motion to Strike Portions of Transcripts Not

(continued)

not consider, and has not considered, anything more than the parties' undisputed facts, Adv. Doc. Nos. 13-4 and 17, and the facts admitted by Finlay in his guilty plea to the charge of voluntary manslaughter, Adv. Doc. No. 13-2 at 11–47.

On the evening of June 17, 2017, Finlay visited bars in Coeur d'Alene, Idaho, including one called "The Rocker Room." In the early morning hours of June 18, 2017, after Finlay and several companions left The Rocker Room, Finlay interacted with a group of individuals, including Marfice and Marfice's fiancé. Words were exchanged between Finlay and Marfice. Finlay then struck Marfice on the head. Marfice dropped to the ground and struck his head on the pavement, resulting in a skull fracture and brain injury. Finlay left the scene. The next day, on June 19, 2017, Marfice died from the traumatic brain injury. When first questioned by officers, Finlay denied striking Marfice. Later, however, upon further questioning, Finlay admitted striking Marfice.

On June 19, 2017, Finlay was criminally charged with voluntary manslaughter for Marfice's death. On July 12, 2017, a superseding indictment was issued against Finlay, stating:

> That the Defendant, Tyler Matthew Finlay, on or about the 18th day of June, 2017, in Kootenai County, Idaho, did, unlawfully, but without malice aforethought, kill Jeffrey Marfice, a human being, during a sudden quarrel or in the heat of passion, by striking Jeffrey Marfice in the head, all of which is

---

Specifically Cited and Victims' Impact Statements." Adv. Doc. No. 20. That motion requests the Court disregard the various victim impact statements included in Plaintiffs' submission, Adv. Doc. No. 13-2, and to limit its consideration of Plaintiffs' submissions to facts specifically cited by the parties. Finlay did not notice that motion for hearing and it is not, at this time, properly before the Court for consideration.

MEMORANDUM OF DECISION - 3

>contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the People of the State of Idaho.

Adv. Doc. No. 13-2 at 6–8.  At his November 21, 2017, change of plea hearing, Finlay pled guilty to felony voluntary manslaughter, agreeing on the record that he did "everything the superseding indictment accuse[d]."  Adv. Doc. No. 13-2 at 23.  Finlay was sentenced to a term of incarceration of four years fixed, with eleven years indeterminate.

On August 1, 2018, Plaintiffs filed a wrongful death suit against Finlay in the First District Court, State of Idaho, County of Kootenai, Case No. CV28-18-6108.  On January 28, 2019, while the state court civil matter was pending, Finlay filed a petition for Chapter 7 bankruptcy relief.  In his schedules, Finlay listed a contingent, nonpriority, unsecured claim in an "unknown" amount held by "B.K.L.N., a Minor Child."  *See* Doc. No. 13 at 13.

## SUMMARY JUDGMENT STANDARD

This Court has articulated the summary judgment standard as follows:

>Federal Rule of Civil Procedure 56, incorporated in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056 states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).
>
>The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact, after which the opposing party must provide evidence establishing a genuine issue of material fact.  *Poole v. Davis (In re Davis)*, 2012 WL 4831494, *2 (Bankr. D. Idaho Oct. 10, 2012) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  But even if the opposing party

MEMORANDUM OF DECISION - 4

fails to establish the existence of disputed facts, the moving party must still establish it is entitled to judgment as a matter of law. *See North Slope Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1227–28 (holding the trial court erred by resting its grant of summary judgment on the opposing party's failure to file a response).

Additionally, "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' are inappropriate at the summary judgment stage." *Oswalt v. Resolute Indus., Inc*., 642 F.3d 856, 861 (9th Cir. 2011) (alteration in original) (*quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986)). And all justifiable inferences must be drawn in favor of the non-moving party. *Id*. (citing *Anderson*, 477 U.S. at 255).

*Gugino v. Clark's Crystal Springs Ranch, LLC (In re Clark)*, 2014 WL 2895428, *2 (Bankr. D. Idaho Jun. 25, 2014) (footnotes omitted).

## DISCUSSION AND DISPOSITION

Plaintiffs argue Finlay's conduct in injuring Marfice was willful and malicious under § 523(a)(6). That section excepts from an individual debtor's discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." The determination of a "willful and malicious" injury requires a two-step analysis. *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 831 (9th Cir. BAP 2006). The first step of the § 523(a)(6) inquiry is whether there was a "willful" injury, and the second step is to determine whether the conduct was "malicious." *Id*.

### A. Willful

To satisfy the willfulness prong, the creditor must prove the debtor deliberately or intentionally injured the creditor. *Dominguez v. Elias (In re Elias)*, 302 B.R. 900, 907 (Bankr. D. Idaho 2003). "[N]ondischargeability takes a deliberate or intentional *injury*,

MEMORANDUM OF DECISION - 5

not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Elaborating on the debtor's state of mind required by the statute, the Ninth Circuit has explained that a debtor must possess a subjective motive to inflict injury, or believe that injury is substantially certain to result from his conduct. *Carillo v. Su (In re Su)*, 290 F.3d 1140, 1143 (9th Cir. 2002); *Quinn v. Barry (In re Barry)*, 2005 WL 1463447, *1 (9th Cir. June 22, 2005); *Khaligh*, 338 B.R. at 831. The debtor's actual knowledge that harm to the creditor was substantially certain to result may be shown through circumstantial evidence of "what the debtor must have actually known when taking the injury-producing action." *Elias*, 302 B.R. at 907 (citing *Su*, 290 F.3d at 1146 n.6).

Finlay's guilty plea establishes Finlay intentionally struck Marfice in the head. In it, he admitts he did "kill Jeffrey Marfice, a human being, during a sudden quarrel or in the heat of passion, by striking Jeffrey Marfice in the head[.]" There is nothing in the submissions to establish this was an unintentional act. The issue, then, is whether Finlay intended to cause injury to Marfice or was substantially certain injury would result from striking Marfice in the head. *In re Su*, 290 F.3d at 1143. As explained by the Fifth Circuit, striking or punching a person in the head or face, by its very nature, is substantially certain to cause harm, and such is sufficiently willful for purposes of § 523(a)(6). *Berry v. Vollbracht (In re Bollbracht)*, 2007 WL 3144848, *1 (5th Cir. Oct. 24, 2007); *see also*, *Petty v. Belanger ex rel. Belanger*, 232 B.R. 543, 547 (Dist. Mass

1999) (addressing the dischargeability of damages resulting from assault and battery, and providing that "[w]here intentional torts involving the person are concerned, the act of committing the tort in itself is an injury to the victim.").

In *Gonzales v. Smith (In re Smith)*, the court concluded that a debtor who punched an individual several times intended, as evidenced by the act itself, to inflict injury. 2012 WL 2341571 (Bankr. S.D. Cal. June 19, 2012). Alternatively, it held that "[t]he injuries [the victim] suffered were a foreseeable consequence of hitting another human being in the vulnerable areas of the head and face, which people protect instinctively when threatened. It does not matter whether Debtor intended to cause the degree of harm that he caused." *Id*. at *5 (citing *State Farm Fire and Cas. Co. v. Edie (In re Edie)*, 314 B.R. 6, 15 (Bankr. D. Utah 2004)).

While Finlay may not have intended or been substantially certain he would cause Marfice's death by striking him in the head, he "must have actually known" punching Marfice in the head would cause a degree of injury. *See Elias*, 302 B.R. at 907. There is no issue of fact regarding Finlay's intentional striking of Marfice in the head with substantial certainty that he would cause Marfice injury.

Thus the Court finds there is no issue of fact as to Finlay's conduct being willful.

**B. Malicious**

Finlay argues the issue of whether his conduct was malicious has already been decided in the state court and that issue preclusion prevents the issue from being

MEMORANDUM OF DECISION - 7

relitigated in this Court.  Finlay relies on the fact that he pled guilty to the conduct charged in the superseding indictment, which provided that he "did, unlawfully, but *without malice aforethought*, kill Jeffrey Marfice. . . ."  Accordingly, Finlay argues that judgment was effectively entered by the state court holding that Finlay actions were not malicious.

Issue preclusion can apply in § 523(a) dischargeability proceedings.  *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991); *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1123 (9th Cir. 2003); *Khaligh* 338 B.R. at 824.  The doctrine precludes a party from relitigating an issue he actually litigated and lost in a prior proceeding.  *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999); *Roussos v. Michaelides (In re Roussos)*, 251 B.R. 86, 92 (9th Cir. BAP 2000).  Issue preclusion serves to protect litigants from multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by reducing the likelihood of inconsistent judgments.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  However, Finlay's argument that this Court is precluded from determining whether his conduct was malicious is unpersuasive.

"Malice aforethought" for purposes of Idaho's criminal code is not synonymous with "malicious" under § 523(a)(6).[3]  "Malice," for purposes of Idaho's homicide statutes, is defined in Idaho Code § 18-4002, which provides "[s]uch malice may be

---

[3] The difference between the definition of malice in the context of § 523(a)(6) versus other legal contexts has garnered significant academic attention.  *See, e.g.*, Jonathon S. Byington, <u>Debtor Malice</u>, 79 Ohio St. L.J. 1023 (2018).

express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart."[4] *See also State v. Enno*, 807 P.2d 610, 622 (Idaho 1991) (holding "[t]he definition of 'malice aforethought' is not synonymous with premeditation" and that "[t]here is no legal distinction between malice and malice aforethought." (citations omitted)); *State v. Porter*, 128 P.3d 908, 912 (Idaho 2005) ("the word 'aforethought' does not imply deliberation or the lapse of time. It only means the malice must precede rather than follow the act." (citing Idaho Criminal Jury Instruction No. 703)).[5] As applied in this case, Finlay's guilty plea to killing Marfice "without malice aforethought," means only that Finlay did not have the deliberate intention of taking Marfice's life nor did he act with an abandoned and malignant heart.

However, to prove maliciousness for purposes of § 523(a)(6), a plaintiff need not prove a debtor intended to take a life or that he acted with an abandoned and malignant heart. Rather, the plaintiff must prove (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) which is done without just cause or excuse. *Ormsby v. First Am. Title Co. of Nevada (In re Ormsby)*, 591 F.3d 1199, 1207 (9th Cir.

---

[4] Under Idaho law, an "abandoned and malignant heart" is shown by a deliberate and cruel act against another. *State v. Snowden*, 313 P.2d 706, 709 (Idaho 1957).

[5] "The relationship between malice and premeditation has been probed by legal scholars and jurists for as long as the two terms have been employed in homicide law." *Sheahan v. Smith*, 2011 WL 1219681, *10 (D. Idaho Mar. 28, 2011).

MEMORANDUM OF DECISION - 9

2010) (citing *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001)). This issue was not decided in the state court and, therefore, issue preclusion does not prevent the issue from being decided here.

Thus, to determine whether Finlay's conduct was malicious for purposes of § 523(a)(6), the Court must determine whether Finlay's conduct in striking Marfice in the head was a wrongful act, done intentionally, which necessarily caused injury, and was done without just cause or excuse. In his guilty plea, Finlay agreed that his conduct was "unlawful." Conduct that violates the law is necessarily wrongful. And, as already addressed above, there is no issue of fact as to Finlay intentionally striking Marfice in the head. The striking necessarily caused injury. Indeed, Finlay admitted that he "kill[ed] Jeffrey Marfice . . . by striking Jeffrey Marfice in the head." Finally, Finlay admits he did not act in self-defense, nor with just cause or excuse.[6]

Consequently, the Court finds there is no genuine issue of disputed fact as to Finlay's conduct being malicious.

**CONCLUSION**

Finlay's conduct in striking Marfice in the head was both willful and malicious. Accordingly, Plaintiffs' motion for summary judgment on their claim that Finlay's

---

[6] *See* Defendant's Statement of Disputed and Undisputed Facts, Adv. Doc. No. 17 at 4 ("[Finlay] does not dispute that he did not act in self-defense [Finlay] did not act with what he believed to be just cause or excuse.").

MEMORANDUM OF DECISION - 10

liability for Marfice's death is excepted from discharge under § 523(a)(6) will be granted.[7]  An order will be entered accordingly.

DATED:  July 22, 2019



_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

---

[7] Plaintiffs contemplate that the determination as to the amount of Finlay's liability will be conducted in the state court proceedings.  Adv. Doc. No. 1 at 7 ("the debt owed to Plaintiffs by Finlay. . . will be determined in the [state court] Wrongful Death Lawsuit").

MEMORANDUM OF DECISION - 11